Jeffrey A. Kobulnick – Bar No. 228299
Michael A. Bernet – Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-9099
Email:     jkobulnick@bg.law
           mbernet@bg.law

Attorneys for Plaintiff,
**METAL JEANS INC.**

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METAL JEANS INC., a Nevada corporation, | Case No.  2:17-CV-4789 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** |
| JUAN JOSE RODRIGUEZ-RIVERA, an individual doing business as METALKID; and DOES 1 through 10, inclusive, | **(2) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c);** |
| Defendants. | **(3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a);** |
| | **(4) COMMON LAW TRADEMARK INFRINGEMENT** |
| | **(5) CALIFORNIA TRADEMARK DILUTION (Cal. Bus. & Prof. § 14247);** |
| | **(6) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200); and** |
| | **(7) VIOLATION OF THE FEDERAL ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)** |
| | **DEMAND FOR JURY TRIAL** |

1

4229.019
1807904.DOCX

Plaintiff METAL JEANS INC., a California corporation ("Metal Jeans" or "Plaintiff") by and through this Complaint against Defendants JUAN JOSE RODRIGUEZ-RIVERA, an individual doing business as METALKID ("Rodriguez-Rivera"), and DOES 1 through 10, inclusive, (each a "Defendant" and collectively, "Defendants") alleges to the Court as follows:

**INTRODUCTION**

1.      Plaintiff Metal Jeans is the registered owner of the trademark METAL, for use in connection with clothing and related goods.  Plaintiff has marketed and sold clothing and related goods under the METAL mark for approximately twenty years, and has invested substantial time and resources in creating a positive reputation associated with its METAL mark.  Defendants are improperly seeking to benefit from Plaintiff's substantial investment in the METAL mark by selling clothing and related goods under the confusingly similar mark, METALKID.  Defendants seek to trade off of the reputation that Plaintiff's METAL mark enjoys among consumers, and consumers are likely to be misled and confused as to the source, sponsorship, affiliation and/or endorsement of Defendants' goods.  Numerous demands having being made on Defendants to no avail, Plaintiff must now bring this action to protect its rights and remedies.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

3.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.

4.      Upon information and belief, this Court has personal jurisdiction over

Defendants in that they transact substantial business in the State of California. By way of example only, Defendants are promoting their clothing and goods to consumers in California.

5. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants have significant contacts within this judicial district.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place in this District.

7. Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are individuals and business entities subject to this Court's personal jurisdiction.

## THE PARTIES

8. Plaintiff Metal Jeans Inc. ("Plaintiff" or Metal Jeans") is a Nevada corporation, having its principal place of business at 18034 Ventura Blvd., Encino, California 91316.

9. Upon information and belief, Defendant Juan Jose Rodriguez-Rivera is an individual doing business as METALKID ("Rodriguez-Rivera"), having his principal place of business at 2747 W Warren Blvd., Chicago, Illinois 60612.

10. Upon information and belief, Defendant Rodriguez-Rivera is an Illinois resident.

11. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

4229.019
1807904.DOCX

12.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants shared a unity of interest.  Specifically, each of the Defendants are the alter ego of each other, in that each is not only influenced and governed by each other, but there exists such a unity of interest between them that the individuality and separateness of each of them have ceased, and the facts are such that an adherence to the fiction of the separate existence of each them would, under the particular circumstances, sanction a fraud or promote injustice.

13.     Upon information and belief, Defendants have directed ongoing and substantial commercial activities within the State of California and in the County of Los Angeles, including without limitation the Central District of California.

## ALLEGATIONS

### A.     Plaintiff's METAL Mark

14.     Plaintiff has sold clothing and related goods under its METAL mark for approximately twenty years.

15.     Plaintiff's METAL mark is inherently distinctive.

16.     Plaintiff controls use of the METAL mark by its authorized distributors and licensees in the United States and other parts of the world.

17.     Plaintiff has spent substantial time, effort, and money advertising and promoting its METAL mark throughout the United States.

18.     Plaintiff's METAL mark is federally registered with the United States Patent and Trademark Office ("USPTO") as Registration Number 4,299,652 (the "652 Registration"), which registered on March 12, 2013.  A true and correct copy of the 652 Registration is attached hereto as **Exhibit A**.

19.     The 652 Registration is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of and exclusive right to use the METAL mark in the United States in connection with a wide range of clothing, including without limitation, t-shirts, sweatshirts, and jeans.

20.     Plaintiff's METAL branded clothing and related goods have enjoyed

4

substantial success and popularity nationwide, including within this judicial district.

21.     By virtue of Plaintiff's continuous and exclusive use in the United States of the METAL mark on clothing for approximately twenty years, the METAL mark has further acquired distinctiveness.  That is, the public has come to associate the METAL mark with Plaintiff's high-quality clothing, consequently allowing Plaintiff to build a valuable reputation in connection with its METAL mark.

22.     Plaintiff has expended considerable time, effort and money in advertising and otherwise promoting its clothing and encouraging the public and trade to recognize its METAL mark.  As such, Plaintiff has acquired extensive goodwill in its METAL mark in connection with clothing and related goods.

23.     As a result of the longstanding, continuous and extensive use of Plaintiff's METAL mark, the METAL mark has become famous in the minds of consumers in connection with clothing and related goods.

**B.     Defendants' Infringing Activities**

24.     Long after Plaintiff had established rights to its METAL mark, Defendants began using a confusingly similar mark in connection with sales of their own clothing and related goods.

25.     Defendants have entered into the same market as Plaintiff, and promote and sell their own clothing and related goods under the mark "Metalkid," which fully incorporates Plaintiff's METAL mark.

26.     Inclusion of the word "kid" does little to distinguish Defendants' mark from Plaintiff's mark, and Defendants' mark is so similar to Plaintiff's METAL mark that consumers who hear, read, or see them will instantly think of Plaintiff's METAL mark.

27.     Defendants control several websites and social media accounts that make prominent use of Plaintiff's METAL mark in connection with sales of clothing and related goods, including without limitation on Facebook, Instagram, and www.MetalKid.com.

4229.019
1807904.DOCX

28.     Upon information and belief, Defendants clothing and related goods do not espouse the same degree of high quality materials as Plaintiff's clothing and related goods.

29.     On February 10, 2017, Defendants filed a trademark application with the USPTO, serial number 87,331,395 for the standard character mark "Metalkid" in International Class 25 for use in connection with "Clothing, namely, t-shirts and shirts." A true and correct copy of Defendants' trademark application is attached hereto as **Exhibit B.**

30.     On February 16, 2017, the USPTO issued Defendants' trademark application, serial number 87,331,395, a Notice of Pseudo Mark, finding it synonymous with the term "METAL KID."  A true and correct copy of this Notice of Pseudo Mark is attached hereto as **Exhibit C**.

31.     Plaintiff has used its METAL mark on and in connection with kids' clothing and related goods for many years, and long before Defendants' adoption of the METALKID mark.

32.     Plaintiff is informed and believes and thereupon alleges that Defendants have sought to improperly capitalize on Plaintiff's investment in the creation and positive reputation of the METAL mark.

33.     Upon information and belief, Defendants chose their METALKID mark with the intent and purpose of trading off of the goodwill that Plaintiff's METAL mark currently enjoys, and to mislead and confuse consumers as to the source, sponsorship, affiliation and/or endorsement of Defendants' goods.

34.     As a result, not only is there likelihood of confusion, but Plaintiff's reputation is being tarnished and the value and distinctiveness of Plaintiff's METAL mark is being diminished.

35.     Plaintiff is informed and believes and thereupon alleges that, Defendants have all assisted, cooperated with and conspired with one another to create, acquire, purchase, advertise, promote, distribute and/or sell products in connection with the

6

METAL mark without Plaintiff's authorization.

36.    Upon learning of Defendants' infringing behavior, Plaintiff sent a cease and desist letter to Defendants on February 28, 2017, by both email and UPS to the addresses set forth in Defendants' METALKID trademark application, demanding that Defendants cease and desist all further uses of Plaintiff's METAL mark, or any other terms that are confusingly similar to Plaintiff's METAL mark, in connection with their sales of clothing and related goods.

37.    Plaintiff promptly received an email response from Defendants later that same day, February 28, 2017, saying they would "forward this communication to our Legal Team."

38.    Having received no further response from Defendants, Plaintiff sent follow-up letters by email and UPS to Defendants on May 3, 2017, which were delivered to the same addresses as the previous letter.

39.    Although Defendants received all of Plaintiff's letters, Defendants have not further responded or ceased their infringing activities.

40.    Further, on May 8, 2017, the USPTO issued Defendants an Office Action, refusing registration to their trademark application serial number 87,331,395, due to, *inter alia*, likelihood of confusion with Plaintiff's METAL mark.  A true and correct copy of this Office Action is attached hereto as **Exhibit D**.

41.    Although Defendants have been made aware of Plaintiff's prior trademark rights, Defendants are still using Plaintiff's METAL mark in connection with sales of clothing and related goods.

42.    Demands having been made on Defendants to no avail, Plaintiff brings this action for trademark infringement, trademark dilution, unfair competition and related offenses arising from Defendants' unlawful use of Plaintiff's METAL mark.

43.    Plaintiff is informed and believes and thereupon alleges that, absent the intervention of this Court, Defendants' illegal actions will continue, and Plaintiff and consumers will continue to be harmed.

**COUNT ONE**

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

**(Against All Defendants)**

44.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-43 above herein.

45.     The federally registered METAL mark and goodwill of the business associated therewith in the United States are of great and incalculable value, highly distinctive and arbitrary and have become associated in the public mind with products of the highest quality and reputation with Plaintiff as the source of origin.

46.     Upon information and belief, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the METAL mark, Defendants have used and are using the METAL mark in connection with sales of unauthorized apparel, including t-shirts.

47.     Upon information and belief, Defendants' unauthorized sales of clothing and related goods in connection with the METAL mark are marketed to the same consumers and in direct competition with Plaintiff's own METAL branded clothes, in or affecting interstate commerce.

48.     Defendants' use in commerce of a similar METAL mark is likely to deceive the public into believing that Defendants' sales of goods are authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

49.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

51.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an

COMPLAINT

4229.019
1807904.DOCX

amount to be determined at trial, including actual damages and profits made by Defendants on sales of its unauthorized products, and the costs of this action.

52.     Furthermore, the foregoing actions of Defendants were undertaken willfully and with the intention to cause confusion, mistake, or deception, thus making this case exceptional under the Lanham Act and entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees.

## COUNT TWO

### (Unfair Competition and False Designation of Origin)

### (15 U.S.C. § 1125(a))

### (Against All Defendants)

53.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-52 above herein.

54.     Defendants are using Plaintiff's registered METAL mark without authorization from Plaintiff in connection with the sales of clothing and related goods that are of the same general nature and type as those that Plaintiff has long used in connection with its own registered METAL mark.

55.     Defendants' unauthorized uses of the METAL mark are likely to cause confusion to the general purchasing public.

56.     By misappropriating and using the METAL mark, Defendants misrepresent and falsely describe to the general public the origin and source of their unauthorized products and create a likelihood of confusion by ultimate purchasers as to the source, sponsorship, affiliation and/or endorsement of such products.

57.     Defendants' unlawful, unauthorized, and unlicensed offers for sale and sales of clothing and related goods in connection with the METAL mark, create express and implied misrepresentations that those products are authorized or approved for sale by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

58.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' uses of the METAL mark, in connection

9

4229.019
1807904.DOCX

with Defendants' goods, in interstate commerce constitutes trademark infringement, a false designation of origin, and unfair competition.

59.   Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

60.   As a result of Defendants' activities, Plaintiff has been damaged in an amount to be determined at trial, and including but not limited to the costs of this action. Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

**COUNT THREE**

**(Federal Trademark Dilution)**

**(15. U.S.C. § 1125(c))**

**(Against All Defendants)**

61.   Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-60 above herein.

62.   The METAL mark is "famous" within the meaning of Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c)(1) and has been famous prior to Defendants' conduct as alleged herein.

63.   Defendants' use, advertisement, offers for sale, and sales in commerce of clothing and related goods in connection with the METAL mark, without authorization from Plaintiff, dilutes the distinctive quality of the METAL mark and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the METAL mark.

64.   Defendants' unauthorized use of the METAL mark is likely to and does dilute Plaintiff's METAL mark, both by blurring the distinctiveness of the mark and by tarnishing the reputation associated therewith by offering lower quality clothing bearing Plaintiff's METAL mark that were not authorized for sale.

10

COMPLAINT

65. Defendants' unauthorized use of the METAL mark in connection with clothing and related goods is being done with notice and full knowledge that such use of the METAL mark is not authorized or licensed by Plaintiff.

66. Defendants' aforesaid acts are in knowing and willful violation of Plaintiff's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

67. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. Sections 1116 and 1125(c).

68. As a result of Defendants' illegal activities, Plaintiff has been damaged in an amount to be determined at trial, and including the costs of this action.

## **COUNT FOUR**

### **(Common Law Trademark Infringement)**

### **(Against All Defendants)**

69. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-68 above herein.

70. Plaintiff has built up valuable goodwill in the METAL mark.

71. With full knowledge of the fame and strong goodwill associated with Plaintiff's METAL mark, Defendants have traded, and continue to trade, on the goodwill associated therewith, misleading the public into assuming an authorized connection between Defendants' products and Plaintiff.

72. Defendants' acts of trademark infringement cause confusion and mislead and deceive the public as to the source of Defendants' products, permit Defendants to pass off their products as authorized by Plaintiff, and falsely suggest a connection between Defendants and Plaintiff.  Unless restrained by this Court, Defendants' unlawful acts will continue, in violation of the common law of the State of California and to the detriment of Plaintiff and to the unjust enrichment of Defendants.

73. Plaintiff has no adequate remedy at law and, if Defendants' activities are

COMPLAINT

4229.019
1807904.DOCX

not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.  Plaintiff is therefore entitled to injunctive relief.

## COUNT FIVE

**(California Trademark Dilution)**

**(California Business and Professions Code § 14247)**

**(Against All Defendants)**

74.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-73 above herein.

75.    Defendants have entered the same market as Plaintiff, and have started selling unauthorized products in connection with Plaintiff's METAL mark that are lower in quality than Plaintiff's own products, to trade upon the goodwill of Plaintiff's METAL mark.

76.    Defendants' acts have caused damage to Plaintiff by tarnishing the valuable reputation of and blurring the distinctiveness of the famous METAL mark in violation of California Business and Professions Code § 14247, and will continue to tarnish and destroy the value of the METAL mark unless enjoined by this Court.

77.    Plaintiff has no adequate remedy at law, and is therefore entitled to injunctive relief.

## COUNT SIX

**(California State Unfair Competition)**

**(California Business and Professions Code §§ 17200 _et seq._)**

**(Against All Defendants)**

78.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-77 of this Complaint.

79.    California Business and Professional Code section 17200, _et seq._ (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

80.    Defendants have committed acts of unfair competition as defined by the

12

UCL.   The aforesaid acts by Defendants are likely to cause injury to Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

81.   Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of state and federal antitrust laws.

82.   Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

83.   Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above.  Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

84.   The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

85.   As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

86.   Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

87.   Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203.

**<u>COUNT SEVEN</u>**

**(Cybersquatting)**

**(Federal Anticybersquatting Consumer Protection Act § 1125(d))**

**(Against All Defendants)**

88.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-87 of this Complaint.

89.     Long after Plaintiff had established trademark rights to the METAL mark, Defendants registered the domain name www.MetalKid.com, which fully incorporates Plaintiff's METAL mark ("Defendants' Domain Name").

90.     Defendants have registered, are trafficking and using Defendants' Domain Name in connection with, *inter alia*, the sale of clothing and related goods in connection with the METAL mark.

91.     Defendants, through Defendants' Domain Name, offer the same types of goods as Plaintiff, thus further revealing that Defendants had (at the time they registered Defendants' Domain Name) and continue to have a bad faith intention to make commercial gain from those domain names and are using websites accessible through Defendants' Domain Name to divert actual or potential consumers of Plaintiff to Defendants' own websites.

92.     Defendants' Domain Name is confusingly similar to Plaintiff's METAL mark and Plaintiff's own domain name, www.MetalJeans.com, which Plaintiff uses in connection with the sales of its own METAL branded apparel, *inter alia*.

93.     Defendants have no prior trademark rights in the METAL mark.  Instead, Defendants intended to divert actual or potential customers from Plaintiff's website to Defendants' own websites, for the purpose of harming the goodwill of the METAL mark – both for Defendants' own commercial gain and with intent to tarnish or disparage the METAL mark – by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of Defendants' website.

94.     Defendants' Domain Name is dilutive of Plaintiff's METAL marks.

14

4229.019
1807904.DOCX

95.    Plaintiff's METAL mark was distinctive and/or famous at the time Defendants registered and/or acquired Defendants' Domain Name.

96.    As a result of Defendants' cybersquatting, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount yet to be determined, and subject to a treble damages award pursuant to 15 U.S.C. § 1117.

97.    Defendants have derived and, unless enjoined, will continue to derive unlawful gains and profits as a result of their acts.

98.    As a result of Defendants' willful misconduct, Plaintiff is entitled to recover statutory attorneys' damages.

99.    This is an exceptional case under the Lanham Act, and thus Plaintiff is also entitled to recover its attorneys' fees.

100.   Plaintiff is entitled to a transfer of Defendants' Domain Name to Plaintiff. Alternatively, the Court should order Defendants to forfeit its domain name or should order that the domain name registration be cancelled.

101.   If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law.

## **PRAYER**

**WHEREFORE**, Plaintiff demands judgment as follows:

1.    That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

a.    from using in any manner the METAL mark, alone or in combination with any word or words, as part of a mark, trade name, or domain name, on or in connection with the advertising, offering for sale or sale of any product or service in the clothing field;

4229.019
1807904.DOCX

b. from passing off, inducing, or enabling others to sell or pass off any product or service as affiliated with, authorized or approved by Plaintiff;

c. from committing any acts calculated to cause purchasers to believe that Defendants' products or services are those sold under the control and supervision of Plaintiff, or are sponsored, affiliated, endorsed, or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d. from further diluting and infringing the METAL mark and damaging Plaintiff's goodwill; and

e. from otherwise competing unfairly with Plaintiff.

2. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraph 1 above.

3. That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages from infringement of the METAL mark be increased by a sum not exceeding three times the amount thereof as provided by law.

4. That Plaintiff be awarded damages in an amount to be determined at trial for Defendants' willful infringement of the METAL mark.

5. That Plaintiff be awarded statutory damages of $100,000 per domain name registered and/or used by Defendants in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

6. That Plaintiff be awarded punitive damages in an amount to be proven at trial.

7. That Plaintiff be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

8. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant

1    to California Business and Professions Code § 17203.

2         9.    That Defendants' pending trademark application, serial number

3    87,331,395, be expressly abandoned, or that the Court issue an order to the U.S. Patent

4    and Trademark Office voiding that application.

5         10.   That Defendants, and anyone acting under their control, be ordered to

6    transfer to Plaintiff the domain name www.MetalKid.com, as well as any other

7    domain(s) incorporating and/or representing the METAL mark within Defendants'

8    possession, custody or control.

9         11.   For all such further relief as the Court finds proper.

10

11   Dated:  June 29, 2017                    BRUTZKUS GUBNER

12

13                                       By: /s/ Jeffrey A. Kobulnick

14                                           JEFFREY A. KOBULNICK
                                             MICHAEL A. BERNET
15                                       Attorneys for Plaintiff
                                         **METAL JEANS INC.**

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

4229.019
1807904.DOCX

## **DEMAND FOR JURY TRIAL**

Plaintiff METAL JEANS INC. hereby demands a trial by jury for all issues so triable in this action.

Dated:  June 29, 2017                    BRUTZKUS GUBNER


By: /s/ Jeffrey A. Kobulnick
    JEFFREY A. KOBULNICK
    MICHAEL A. BERNET
Attorneys for Plaintiff
**METAL JEANS INC.**

COMPLAINT

4229.019
1807904.DOCX